IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORGE FLORES,** | : | **CIVIL NO.1:14-CV-2165** |
| | : | |
| Petitioner | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN EBBERT,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Jorge Flores ("Flores"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.   Background**

On February 19, 2008, Flores was sentenced in the United States District Court for the Northern District of Georgia to a term of life imprisonment plus twenty years after a jury found him guilty of conspiracy to violate the Racketeer

---

[1] Section 2241 habeas petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (See R. GOVERNING § 2254 CASES R.1(b), making rules applicable to § 2241 petitions at the discretion of the court).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Influenced and Corrupt Organizations Act (RICO), 18 U.S. § 1961 *et seq.*, and possession of firearms, 18 U.S.C. § 922 *et seq.* (Doc. 1, p.1; see also, United States v. Flores, 572 F.3d 1254, 1258 (11th Cir. 2009). On February 20, 2008, pursuant to the Judgment and Commitment, he was committed to the custody of the Federal Bureau of Prison ("BOP"). (See United Stated District Court for the Northern District of Georgia Electronic Docket USA v. Flores, 1:05-cr-00324-CAP-JFK-8). A notice of appeal was filed with the United States Court of Appeals for the Eleventh Circuit on that same date. (Id.) Flores' conviction was affirmed on appeal, and the United States Supreme Court denied certiorari. (See Electronic Docket USA v. Flores, 1:05-cr-00324-CAP-JFK-8: see also Flores, 572 F.3d at 1271,).

On August 2, 2010, Flores filed a motion to vacate pursuant to 28 U.S.C. § 2255. (See Electronic Docket USA v. Flores, 1:05-cr-00324-CAP-JFK-8). The motion was denied on August 26, 2011. (Id.) Thereafter, the court of appeals denied his motion for a certificate of appealability ("COA"). (Id.)

On August 3, 2012, Flores filed a motion for relief from the final judgment denying his Section 2255 motion. (Id.) The district court denied the motion. (Id.) He appealed and the court of appeals remanded the matter for consideration of whether a COA would be appropriate for any of the issues raised. (Id.) On January 10, 2013, the district court declined to issue a COA. (Id.) On June 25, 2013, the court of appeals denied issuance of a COA. (Id.)

The instant petition was filed on November 12, 2014. (Doc. 1). Therein, Flores argues that he is actually innocent and claims that he was denied discovery materials prior to trial and that his trial counsel was ineffective. (Doc. 1, at 6-7).

**II.    Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). Flores has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provision placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.

3

Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.). Rather, only when a federal prisoner is in the unusual position of having no earlier opportunity to challenge his conviction, or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. Dorsainvil, 119 F.3d at 251–52. Flores fails to allege that he has had no earlier opportunity to challenge his conviction or that he is being held for a crime that an intervening change in substantive law may negate.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

**III.   Conclusion**

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Date:        January 20, 2015